## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM MORROW,** | |
| **PLAINTIFF,** | **Civil Action No.:** _____ |
| **v.** | |
| **XPO LOGISTICS SUPPLY CHAIN, INC.,** | **JURY TRIAL DEMANDED** |
| **DEFENDANT.** | |

## COMPLAINT AND JURY DEMAND

Plaintiff William Morrow, by and through his undersigned attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1.  This is an action for an award of damages, liquidated damages, attorneys' fees and other relief on behalf of Plaintiff William Morrow ("Mr. Morrow"), a former employee of XPO Logistics Supply Chain, Inc. ("XPO" or the "Company"). Mr. Morrow has been harmed by Defendant's discrimination based on his age, culminating in his wrongful termination on October 15, 2019.

2.  This action is filed pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA").

## JURISDICTIONAL STATEMENT

3.  This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4.  The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be

commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. All conditions precedent to the institution of this suit have been fulfilled. On March 16, 2020, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On October 27, 2020, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.[1]

## VENUE

6. This action properly lies in the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

7. This action properly lies in the Middle District of Pennsylvania because the claims and significant activities associated with those claims arose in this judicial district, and Plaintiff was employed and terminated by Defendant in this judicial district.

## PARTIES

8. Plaintiff William Morrow is an adult male citizen, aged sixty-three (63), and resident of the State of Maryland and the United States of America.

9. Mr. Morrow is sixty-three (63) years old and within the class of individuals protected by the ADEA.

---

[1] It has been less than one year since Mr. Morrow requested that his Charge of Discrimination be dual-filed as a Complaint with the Pennsylvania Human Relations Commission for Defendant's violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA"). Mr. Morrow will seek to amend his Complaint in this matter to add his PHRA claims once he has exhausted his administrative remedy with respect to those claims.

10. At the time of his termination, on or about October 15, 2019, Mr. Morrow was sixty-two (62) years old.

11. Defendant XPO is a North Carolina corporation with its headquarters in Greenwich, Connecticut, and several locations throughout the United States, including the facility in Carlisle, Pennsylvania, at 100 Carolina Way, Carlisle, Pennsylvania  17013, where Plaintiff was most recently employed.

12. At all relevant times, Defendant XPO is and has been an employer employing more than twenty (20) employees.

13. Defendant does significant business within the Commonwealth of Pennsylvania.

14. At all relevant times, employees of XPO acted as agents and servants for XPO.

15. At all relevant times, employees of XPO were acting within the scope of their authority and in the course of employment under the direct control of XPO.

16. At all times material hereto, XPO acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with XPO and in furtherance of XPO's business.

17. At all relevant times hereto, Plaintiff William Morrow was an "employee" of Defendant XPO within the meaning of the laws at issue in this suit and is accordingly entitled to the protections of said laws.

18. At all relevant times hereto, Defendant XPO was an "employer" and/or "person" as defined by the laws at issue in this suit and is accordingly subject to the provisions of said laws.

19. This Honorable Court has jurisdiction over Defendant.

3

## FACTS

20. Defendant XPO is a logistics provider of supply chain solutions to companies.

21. Mr. Morrow is qualified and experienced in the areas of facility operations and management.

22. Mr. Morrow served for twenty-two (22) years in the military, and earned a rank of Sergeant First Class.

23. Mr. Morrow began working for XPO as a Safety Supervisor in or about January 2017 at Defendant's Aberdeen, Maryland facility.

24. In August 2018, after approximately one and one-half years with Defendant, Mr. Morrow received a promotion to the Operations Manager position and was transferred to XPO's Mechanicsburg, Pennsylvania facility.

25. When XPO's Mechanicsburg, Pennsylvania facility announced its intention to close, Defendant's Human Resources Department suggested to Mr. Morrow that he seek employment at Defendant's facility in Carlisle, Pennsylvania.

26. In July of 2019, XPO hired Mr. Morrow as its Operations Manager for the Carlisle facility.

27. Prior to his transfer to the Carlisle facility, Defendant had no issues whatsoever with Mr. Morrow's performance, as demonstrated by, among other things, Mr. Morrow's promotion.

28. Once at the Carlisle facility, Mr. Morrow reported to Denise Baughman, Site Manager at the Carlisle facility.

29. There was one other Operations Manager other than Mr. Morrow at the Carlisle facility, Katie Sukley, who was in approximately her late thirties and thus significantly younger than Mr. Morrow.

30. While employed at the Carlisle facility, Mr. Morrow continued, as he had previously, to perform his duties in an excellent manner.

31. In or about October 2019, Defendant announced that it would be instituting a reduction in force.

32. As explained by Defendant, the only individuals eligible for the potential reduction in force were Operations Managers at the Carlisle facility, which included Mr. Morrow - a 62-year old individual, and Ms. Sukley, the one other, significantly younger and significantly less experienced Operations Manager.

33. Defendant further stated that all persons selected for the reduction in force program would be terminated.

34. Mr. Morrow was selected for termination as part of the reduction in force.

35. Ms. Sukley was not selected for termination as part of the reduction in force.

36. On October 15, 2019, Mr. Morrow was terminated.

37. Defendant's termination of Mr. Morrow is suspect based on these circumstances.

38. Notably, Ms. Sukley is significantly less qualified and less experienced than Mr. Morrow.

39. Moreover, Ms. Sukley had only just begun working for Defendant earlier that year, whereas Mr. Morrow had been working for Defendant for over two (2) years.

40. Further, Mr. Morrow had never received any warnings, write ups, notices, or disciplinary issues throughout his entire employment with Defendant.

41. Mr. Morrow had never been advised of any performance issues or dissatisfaction by Defendant with his performance.

42. Mr. Morrow had never been put on any performance improvement plan, coaching plan, or any other type of program instituted to improve an employee's unsatisfactory performance.

43. These facts demonstrate the discriminatory animus toward Mr. Morrow based on his age.

44. The alleged "reduction in force" serving as a basis for his termination, where the only other eligible employee for the reduction was significantly younger, had only been working for Defendant for approximately ten months and who had much less experience than Mr. Morrow, coupled with Mr. Morrow's consistent performance record, demonstrate that Defendant's grounds for termination were merely pretextual.

45. XPO discriminated against Mr. Morrow on the basis of his age and terminated him as a result of such discrimination.

46. Mr. Morrow has been discriminated against on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA").

47. Mr. Morrow has suffered and continues to suffer mental anguish and severe emotional distress as a proximate result of the actions and/or inactions of Defendant.

48. Due to the Defendant's wrongful actions and/or inactions, Mr. Morrow has suffered significant damages to his career prospects and professional reputation.

49. Defendant XPO discriminated against Mr. Morrow because of his age, in violation of the ADEA.

50. Defendant XPO willfully violated the ADEA, as XPO knew that its actions violated the ADEA and/or acted with reckless disregard as to whether its actions violated the ADEA.

51.    Mr. Morrow has suffered financial losses and economic harm as a direct and proximate result of the actions and inactions of Defendant.

## COUNT I
### Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

52.    Plaintiff William Morrow repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

53.    Based on the foregoing, Defendant XPO engaged in unlawful employment practices in violation of the ADEA.

54.    Plaintiff is and was at the time of his termination, over forty years of age, and an individual within the class protected by the ADEA.

55.    In discriminating against Mr. Morrow because of his age, Defendant violated the ADEA.

56.    Defendant's violations were intentional and willful.

57.    Defendant's willful violations of the ADEA warrant an award of liquidated damages.

58.    As the direct result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff William Morrow has sustained a loss of earnings, loss of severance, retirement and other benefits, loss of incentive and bonus payments, loss of reputation and opportunity for career advancement, loss of future earning power, as well as back pay, front pay and interest due thereon.

## PRAYER FOR RELIEF

59.    Plaintiff William Morrow repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff William Morrow respectfully requests that this Court enter judgment in his favor and against Defendant:

(a)  Enjoining future violations of the ADEA by Defendant;

(b) Ordering appropriate equitable relief, including reinstatement, or front pay and all outstanding benefits;

(c) Ordering Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful conduct in violation of the ADEA;

(d) Ordering Defendant to reimburse Plaintiff for all compensatory damages suffered;

(e) Ordering Defendant to pay Plaintiff liquidated damages;

(f) Ordering Defendant to pay Plaintiff's attorneys' fees and costs of bringing this action;

(g) Ordering Defendant to pay Plaintiff all damages available pursuant to the ADEA and any other applicable statutes or common law; and

(h) Such other and further relief as is deemed just and proper.

## **JURY DEMAND**

Plaintiff William Morrow hereby demands trial by jury as to all issues so triable.

*/s/ Christopher A. Macey, Jr.*
Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
One Penn Center
1617 JFK Blvd. – Suite 1254
Philadelphia, PA  19103

*Attorneys for Plaintiff William Morrow*

Dated:  January 25, 2021